### HALL, Plaintiff-Appellant, v. CARTER et, Defendant-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21847. Decided December 26, 1950.

C. L. Sharpe, for plaintiff-appellant.

M. H. Wegman, Cleveland, for defendant-appellees.

(DOYLE, J, of the Ninth District, sitting by designation in place of SKEEL, PJ.)

## OPINION

By HURD, J:

In this appeal on questions of law from a judgment of the Court of Common Pleas of Cuyahoga County in favor of the defendants, an examination of the pleadings and the record discloses that an issue was made upon a petition for declaratory judgment, praying the Court for an order declaring the plaintiff be entitled to be restored to a building permit originally issued by the Inspector of Buildings of the Village of Solon on November 30, 1946, for the erection of a dwelling house on plaintiff's lot on Crestmont Avenue in Solon, Ohio.

The record shows that after the building plans and specifications had been approved and the building permit issued in accordance therewith, and after a permit was also granted by the Cuyahoga County District Board of Health allowing the installation of a disposal plant, the plaintiff was notified that his building permit had been suspended together with permits covering seven other properties under Emergency Ordinance No. 1947-3 which reads in part as follows:

"Sec. 1. This Council finds that buildings can probably not be constructed under the permits listed in Section 2 hereof without violation of the provisions of Section 121 of Ordinance No. 1928-113 relative to the drainage of cellars and that said permits should be suspended until the ability of said permittees to construct said buildings without such violation is determined."

The applicable part of Ordinance No. 1928-113 Sec. 121, referred to an Emergency Ordinance which was passed in 1929 and reads as follows:

"Before the walls of buildings built on clayey or compact soils which hold water, are carried up above the foundation walls, the cellars shall be connected through drain tiles and catch-basins with the street sewers. Should there be no sewer in the streets, or if cellars are below the sewer or ground water level, then provisions shall be made to prevent water accumulating in the cellars to the injury of the foundations or the occupancy of the basement or cellars."

The evidence shows that all of the permits except that of the plaintiff were restored and the persons allowed to proceed with their building plans.

Considerable of the testimony in the record relates to a matter which was not put in issue by the pleadings, namely, the adequacy or inadequacy of a sewage disposal plant for treatment and disposal of waste for which the County had issued a permit to which reference has been made above. The sole issue in the case to which the evidence should have been confined relates to compliance with Ordinance No. 1928-113— Sec. 21, requiring plaintiff to make provisions "to prevent water accumulating in the cellars to the injury of the foundations or the occupancy of the basement or cellars." On this issue plaintiff proffered testimony showing or tending to show the terrain of the surrounding territory and the location of nearby homes etc., as bearing upon the feasibility of his plans and the possibility of complying with the terms of the Ordinance in question. The court sustained objections to this testimony.

We think the rejection of this testimony was prejudicially erroneous. If the general territory and terrain surrounding the plaintiff's premises showed that others similarly situated were able to comply with the ordinance, such evidence would strongly favor the contention of plaintiff that he could likewise conform to the requirements of the ordinance as he did the other permittees whose permits had been restored.

We do not pass upon the question of the validity of Emergency Ordinance No. 1947-3 which was challenged in these proceedings and argued by way of briefs, for the reason that the Village of Solon was not made a party defendant to this action as required by §12102-11 GC, Chapter 10 Declaratory Judgments which provides in part as follows:

"In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be. made a party and shall be entitled to be heard, and if the statute, ordinance or franchise is held to be unconstitutional, the Attorney General of the State shall also be served with a copy of the proceeding and be entitled to be heard."

For the reasons stated, the cause is reversed and remanded to the Common Pleas Court for further proceedings according to law. Exceptions noted. Order see journal.

McNAMEE, J, DOYLE, J, concur.